# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| TIRAN BUGGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-0888 |
| | § | |
| CAPITAL ONE AUTO FINANCE, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S NOTICE OF REMOVAL

Defendant Capital One Auto Finance, A Division of Capital One, N.A., erroneously sued as "Capital One Auto Finance, Inc.," (hereinafter, "Capital One"), hereby files its Notice of Removal of this action from the 471st District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, the District and Division encompassing the state court in which this action is pending. Capital One invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b). In support, Capital One respectfully shows as follows:

### A. STATEMENT OF THE CASE

1. On October 13, 2021, Tiran Buggs ("Plaintiff") filed his Civil Complaint/Charges (the "Complaint") in the 471st District Court of Collin County, Texas, styled *Tiran Buggs v. Capital One Auto Finance, Inc.*, Case No. 471-05641-2021 (the "State Action").

2. In accordance with 28 U.S.C. § 1446(a) and E.D. Tex. Local Rule CV-81, the following are attached to this Notice of Removal:

>**Exhibit A**:   A true and correct certified copy of state court docket sheet.
>
>**Exhibit B**:   A copy of all documents filed in the state court action.
>
>**Exhibit C**:   A list of all parties in the case, their party type, current status of the removed case, list of the attorneys involved in the action, a record of the party that requested trial by jury, if any, and the name and address of the court from which the case is being removed.

3. Plaintiff's Complaint appears to allege at least six causes of action against Capital One. *See generally* Ex. B-1, Complaint. Those causes of action include, *as alleged*: **(1)** Disorderly Conduct (SEC 106-81 (5)); **(2)** Criminal Trespass (Texas Penal Code CH 30.05); **(3)** Grand Theft Auto (Texas Penal Code CH 31.03); **(4)** violations of 18 U.S.C. § 2313, which Plaintiff identifies as "Federal Motor Vehicle and Aircraft Theft;" **(5)** violations of 15 U.S.C. § 1681, which Plaintiff initially identifies as "Consumer Credit Privacy Violations" though later references the proper title of the statute as the Fair Credit Reporting Act ("FCRA"); and **(6)** violations of 16 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA").

## B.   JURISDICTION

4. Capital One specifically alleges that this Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1441(a) and 1331 because Plaintiff purports to allege causes of action arising under at least three federal statutes: (1) 18 U.S.C. § 2313, which Plaintiff identifies as "Federal Motor Vehicle and Aircraft Theft;" (2) 15 U.S.C. § 1681, which Plaintiff initially identifies as "Consumer Credit Privacy Violations" though later references the Fair Credit Reporting Act ("FCRA"); and (3) 16 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act ("FDCPA"). Ex. B-1, p. 1, 3.

### C. BASIS FOR REMOVAL

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff alleges that purported conduct of Capital One violated 18 U.S.C. § 2313, 15 U.S.C. § 1681 and 16 U.S.C. § 1692f(6), which are laws of the United States. *See generally* Ex. B-1. Specifically, Plaintiff's Complaint alleges that Capital One "refused to obey FCRA and Federal statutes to produce materials to verify debt" and "illegally accessed [Plaintiff's] credit file (running credit inquiries) violating Federal Privacy Laws that were put in place to protect consumer information." Ex. B-1, p. 3. Further, the Complaint alleges that Capital One contracted a third-party agent "to steal Tiran Bugg's vehicle out of his driveway; even with clear NO TRESPASSING signs posted (See Photos). Which is a clear violation of "Breach of Peace" 16 U.S.C. § 1692f(6) of the Fair Debt Collection Practices Act." *Id*.

6. While the Complaint was filed in state court, the Complaint goes on to "demand this United States Federal Court stop these abuses" and "demand this United States Federal Court view this Petitioner (in my Proper Person) as a Moorish American National," and also demands "Due Process as protected by the Fourth (4th) and Fifth (5th) Amendments of the Constitution of the United States of America (Republic)." Ex. B-1, p. 4. Adjudication of Plaintiff's Complaint thus requires an analysis and construction of multiple federal laws, including the FCRA and the FDCPA. Accordingly, this Action may be removed to this Court by Capital One pursuant to 28 U.S.C. §§ 1441(a) and 1331 because this Court would have had original jurisdiction founded on Plaintiff's claims arising under the FCRA and the FDCPA.

7. Additionally, this Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim. *See, e.g., Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008). The facts related to Plaintiff's state law claims are intertwined

with and based upon his allegations of wrongdoing under the federal claims arising under the FCRA and the FDCPA. Specifically, like Plaintiff's claims arising under the FCRA and FDCPA, the state law causes of action involve the same alleged conduct surrounding the alleged credit inquiry and removal of a vehicle from an alleged private property. *See generally* Ex. B-1. The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claims, which include "Disorderly Conduct (Sec 106-81 (5)), Criminal Trespass (Texas Penal Code CH 30.05), [and] Grand Theft Auto (Texas Penal Code CH 31.03)." Ex. B-1, p. 1.

### D. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7. Removal of this action is timely. As demonstrated by the "Notice of Service of Process" prepared by CSC (Ex. B, final page), Capital One was served with the Complaint in this Action on October 14, 2021. Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of the initial pleading" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

8. There are no co-defendants alleged in the Complaint from which Capital One was required to obtain consent to remove this action. Indeed, the only parties in this action are Plaintiff and Capital One. Capital One is represented by the undersigned counsel. Plaintiff is Representing himself, *pro se*, at 185 Vintage Trail, McDonough, Georgia 30253.

9. Venue lies in the United States District Court for the Eastern District of Texas and the Sherman Division of such Court pursuant to 28 U.S.C. §§ 1441(a) and 124(c)(3) because the action was filed in Collin County, Texas.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One from Plaintiff in this Action (which consists of the Complaint, Request for Citation, Citation and Service Return), as well as a copy of the certified state court docket, are attached hereto as Exhibits A and B.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the 471st District Court of Collin County, Texas.

Respectfully submitted:

*s/ David Herrold*

David H. Herrold
**BURKE BOGDANOWICZ PLLC**
State Bar No. 24107029
SD TX No. 3542296
1201 Elm Street, Suite 4000
Dallas, TX 75270
Telephone: (214) 473-5985
Facsimile: (214) 888-2824
dherrold@burkebog.com

**ATTORNEYS FOR DEFENDANT, CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

The undersigned, pursuant to Fed.R.Civ.P. 5(b)(2)(C) and E.D.Tex. Local Rule CV-5(c), hereby certifies that on November 8, 2021, he caused a true and correct copy of the above and foregoing instrument to be served by depositing the same into the U.S. Mails, all postage prepaid thereon, addressed to:

Tiran Buggs, *pro se* Plaintiff
185 Vintage Trail
McDonough, GA 30253.

*s/ David Herrold*